United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 4, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-50548
Summary Calendar

TIMOTHEO RIVERA,

Petitioner-
Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-
Appellee.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-276
-------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

    IT IS ORDERED that the motion of Timotheo Rivera, Texas prisoner #855199, for a

certificate of appealability (COA) to appeal from the dismissal of his 28 U.S.C. § 2254 habeas corpus

application as time-barred pursuant to 28 U.S.C. § 2244(d) is GRANTED. Rivera's motion for leave

to proceed in forma pauperis (IFP) is also GRANTED. Rivera's motion for certification of a question

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to the Texas Court of Criminal Appeals or, in the alternative, for an order for the respondent to produce the state-court record or, in the alternative, for supplementation of the record on appeal is DENIED. Rivera challenges his state-court murder conviction.

Rivera alleges that he filed his state habeas application in November 2003, and not on January 14, 2004, as he acknowledges he alleged in the district court, and he contends that his state habeas application was timely to toll the limitations period and render his federal habeas application timely. A COA may issue only if Rivera makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c)) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because his habeas application was dismissed on procedural grounds, Rivera also must demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The record indicates that Rivera's state habeas application was received and filed in the Texas Court of Criminal Appeals on January 14, 2004. However, the date that the application was filed in the court of conviction is unclear from the record. See TEX. CODE CRIM. P. ANN. art. 11.07 § 3(b)(Vernon supp. 2004). We therefore cannot determine whether or not Rivera's federal habeas application was time-barred. It is conceivable that Rivera filed his state habeas application in time to toll the one-year limitations period of 28 U.S.C. § 2244(d)(1) and render his federal habeas corpus application timely. See 28 U.S.C. § 2244(d)(2). We therefore grant Rivera's COA motion, vacate the order dismissing his habeas application, and remand the case for further proceedings in the district court.

COA GRANTED; IFP GRANTED; MOTION TO CERTIFY QUESTION, ORDER PRODUCTION OF RECORD, OR SUPPLEMENT RECORD DENIED. VACATED AND REMANDED.